Filed 2/16/24  Contreras v. Superior Court CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ISRRAEL RODRIGUEZ CONTRERAS,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>        Respondent;<br><br>CHAMPION DODGE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY DBA CHAMPION CHRYSLER JEEP DODGE RAM FIAT et al.,<br><br>        Real Parties in Interest. | B331737<br><br>(Los Angeles County Super. Ct. No. 21STCV38701) |

        ORIGINAL PROCEEDINGS in mandate.  Rupert A. Byrdsong, Judge.  Petition granted.

Knight Law Group, Roger Kirnos and Jeffrey Mukai, for Petitioner.

No appearance for Respondent.

Ongaro PC, Scott S. Shepardson, for Real Party in Interest FCA US LLC.

## I.    INTRODUCTION

Petitioner Isrrael Rodriguez Contreras is the plaintiff in a lawsuit filed against real parties in interest Champion Dodge, LLC and FCA US, LLC (FCA).  Petitioner contends the trial court erred when it denied his motion to reconsider the court's earlier granting of a motion to compel arbitration.  We grant the petition.

## II.    BACKGROUND

On March 23, 2019, petitioner purchased a 2019 Dodge Ram 1500 (the vehicle) from a dealership,[1] pursuant to a form Retail Installment Sale Contract (the sale contract), which included an arbitration clause.

On October 20, 2021, petitioner filed a complaint alleging that when the suspension system on his vehicle began to exhibit "[d]efects and nonconformities," FCA, the vehicle's manufacturer, failed to make necessary repairs or to reimburse petitioner for the vehicle, in violation of the Song-Beverly Consumer Warranty Act (Song-Beverly Act).  Petitioner's complaint also alleged a cause of action for negligent repair against Champion Dodge.

---

[1]    The dealership is not a party to this dispute.

2

On January 6, 2022, FCA filed a motion to compel arbitration, which Champion Dodge joined.  The motion to compel relied on the arbitration clause of the sale contract, which provided, in relevant part:  "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."  FCA cited in support of its motion the Court of Appeal opinion in *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486 (*Felisilda*), in which the court held that plaintiffs who had entered into a sale contract that included an identically-worded arbitration clause were compelled to arbitrate their Song-Beverly claims against the vehicle's manufacturer.  (*Id.* at pp. 498–499.)  The court in *Felisilda* reasoned that the doctrine of equitable estoppel, which allows a ""nonsignatory defendant [to] invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying contract obligations,"" prohibited plaintiffs from refusing to arbitrate their claims against the manufacturer.  (*Id.* at p. 495.)  The court reasoned that the plaintiffs' Song-Beverly claims were "intimately founded in and intertwined" with the plaintiffs' obligations under the sale contract, in which they agreed to

3

arbitrate "'[a]ny claim or dispute . . . *which arises out of or relates to . . . [the] condition of this vehicle . . . .*" (*Id.* at p. 496.)

On March 7, 2022, the trial court granted the motion to compel arbitration.

On June 23, 2023, petitioner filed a motion for reconsideration of the order compelling arbitration. Petitioner argued that although at the time the court granted the motion to compel, *Felisilda, supra*, 53 Cal.App.5th 486, was the only appellate opinion to address whether an arbitration clause contained in a sale contract could require a plaintiff to arbitrate his claims against a nonsignatory manufacturer, a later-filed opinion, *Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324, review granted July 19, 2023, S279969 (*Ford Motor*), expressly rejected *Felisilda*'s holding and supported a contrary result. In *Ford Motor*, the court concluded that the doctrine of equitable estoppel did not require plaintiffs to arbitrate their Song-Beverly claims against a third-party manufacturer because "no plaintiffs alleged violations of the sale contracts' express terms. Rather, plaintiffs' claims are based on [the manufacturer's] statutory obligations to reimburse consumers or replace their vehicles when unable to repair in accordance with its warranty. . . . Not one of the plaintiffs sued on any express contractual language in the sale contracts." (*Ford Motor, supra*, 89 Cal.App.5th at p. 1335.) Accordingly, the court affirmed the trial court's denial of the manufacturer's motion to compel arbitration. (*Id.* at pp. 1336, 1343.)

On July 19, 2023, the trial court denied petitioner's motion to reconsider. At the hearing on the motion, the trial court "acknowledged" that if it had heard the motion to compel arbitration "following the publication of [*Ford Motor*]," it would

4

have denied it. Nonetheless, it declined to reconsider its earlier order because it "was the correct decision in March 2022."

On September 15, 2023, petitioner filed this petition for writ of mandate challenging the order denying reconsideration. On October 31, 2023, we issued an alternative writ, tentatively concluding that "[c]ourts retain the power to reconsider their orders compelling matters into arbitration based on changes in the law at any time prior to the entry of judgment" and ordering the trial court to either "vacate [its] order denying the motion for reconsideration and analyze the motion in light of the above" or show cause why a peremptory writ ordering it to do so should not issue. The trial court did not respond to the order to show cause.

## III.   DISCUSSION

Petitioner contends that the trial court erred in denying its motion for reconsideration. We agree. A motion for reconsideration, which must be filed within 10 days of service of written notice of entry of the order, requests that the court "reconsider the matter" based "upon new or different facts, circumstances, or law . . . ." (Code Civ. Proc., § 1008, subd. (a).) If "a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order." (*Id*., subd. (c).)

"A change in the law is always an appropriate basis, up until a final judgment is entered, for changing an interim order; courts retain the inherent power, regardless of Code of Civil Procedure section 1008, to change their orders at any time prior to entry of judgment. [Citation.] And the fact that a party brings

5

the basis for such a change to the court's attention, even if via a motion for reconsideration pursuant to section 1008, and even if such motion is made after the 10-day period, does not negate this inherent power." (*Blake v. Ecker* (2001) 93 Cal.App.4th 728, 739, fn. 10, disapproved of on another ground by *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107.) We review orders denying a motion for reconsideration for abuse of discretion. (*Wilson v. The La Jolla Group* (2021) 61 Cal.App.5th 897, 921.)

Here, as the trial court acknowledged, changes in the law, namely, the opinion in *Ford Motor, supra*, 89 Cal.App.5th 1324, supported a reconsideration of the court's earlier granting of the motion to compel arbitration. On the same day that the court denied petitioner's motion to reconsider, our Supreme Court granted review of *Ford Motor* on the following issue: "Do manufacturers' express or implied warranties that accompany a vehicle at the time of sale constitute obligations arising from the sale contract, permitting manufacturers to enforce an arbitration agreement in the contract pursuant to equitable estoppel?" (*Ford Motor* (S279969, July 19, 2023) [order granting review].) Although we await further guidance from the Supreme Court, we note that every other Court of Appeal decision to consider the issue has rejected *Felisilda*'s reasoning and concluded that the doctrine of equitable estoppel does not apply to permit a third-party manufacturer to enforce an arbitration clause included as part of a sale contract to compel arbitration from a consumer. (See e.g., *Montemayor v. Ford Motor Co.* (2023) 92 Cal.App.5th 958, 971–972; *Kielar v. Superior Court* (2023) 94 Cal.App.5th 614, 620; *Yeh v. Superior Court* (2023) 95 Cal.App.5th 264, 272, 278.) Accordingly, the court erred in denying petitioner's motion to reconsider.

## IV.    DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its July 19, 2023, order denying petitioner's motion for reconsideration and issue a new order granting the motion.  Petitioner Isrrael Rodriguez Contreras shall recover his costs in this proceeding.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.

We concur:


MOOR, Acting P. J.


LEE, J.*

---

*    Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.